UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RICHARD MOORE, JR., | ) CASE NO. 3:09 CV 1431 |
| Plaintiff, | ) JUDGE DAVID A. KATZ |
| v. | ) |
| | ) OPINION AND ORDER |
| WILLIAM T. TROBAUGH, et al., | ) |
| Defendants. | ) |

Pro se plaintiff Richard Moore, Jr., filed the above-captioned action under 42 U.S.C. § 1983 against Van Wert Police Detective William T. Trobaugh, Van Wert Mayor Donald Farmer, Van Wert Police Detective Sergeant Jeffrey A. Blackmore, Van Wert Police Detective Michael Freeman, Van Wert Police Chief Joel Hammond, Van Wert Safety Service Director Jay Fleming, Van Wert County Assistant Prosecuting Attorney Kevin Taylor, Van Wert Municipal Court Clerk Deb Lichtensteiger, and Van Wert County Common Pleas Court Deputy Clerk Cheryl Gehres.  In the complaint, plaintiff alleges the indictment used to arrest and prosecute him was defective.  He seeks $10,750,000.00 in damages.  Plaintiff also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

Mr. Moore was arrested on April 4, 2007, on a warrant issued by the Van Wert

Municipal Court and was taken into custody by the Van Wert Police Department.  He claims he noticed at the time that the name on the indictment was "not the Plaintiff['s] given name" and informed the arresting officers that he was not the man listed on the indictment.  He was nevertheless booked into the Van Wert County Correctional Facility.

Mr. Moore appeared in the Van Wert Municipal Court on April 5, 2007 and was advised of the charges.  He entered a plea of Not Guilty and bond was set a $ 20,000.00.  That same day, Van Wert Assistant County Prosecutor Kevin H. Taylor filed a Motion requesting dismissal of the case because Mr. Moore had been indicted by the Van Wert County Grand Jury.  He was served with the new indictment on April 7, 2007.  This indictment charged Richard J. Moore, Jr. with one count of trafficking cocaine, one count of trafficking crack cocaine, and one count of trafficking Oxycodone.  He contends he informed the officers serving the indictment that the name on the indictment was not his given name.  He was arraigned on the charges on April 11, 2007.  He indicates he made the court aware that the name on the indictment was not his name.  He filed a Motion to Dismiss the Indictment.  It was overruled.

Mr. Moore was served with another indictment on May 5, 2007.  He appeared in court on May 9, 2007 and entered a plea of Not Guilty.  On June 13, 2007, the Van Wert Assistant Prosecuting Attorney dismissed the indictment.  He claims the Defendants could have secured the dismissal of the charges at an earlier date.  He contends his Fourth, Fifth, and Fourteenth Amendment rights were violated.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

As an initial matter, Mr. Moore does not identify which defendants, if any, performed the actions he alleged in his complaint. He simply provides a recitation of the history of his indictments and arrests. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate these defendants to any of the claims set forth by plaintiff.

Mr. Moore does indicate that Mayor Donald Farmer, Detective Sergeant Jeffrey A. Blackmore, Police Chief Joel Hammond, and Safety Service Director Jay Fleming, are named in the complaint because they supervise or employ other individuals who may have engaged in the actions alleged in the complaint. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

(6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. Id. Liability must lie therefore upon more than a mere right to control employees and cannot rely on simple negligence. Id. In order for liability to attach to any of these supervisors, Plaintiff must prove that they did more than play a passive role in the alleged violations or show mere tacit approval of the goings on. Id. He must show that the supervisors somehow encouraged or condoned the actions of their subordinates. Id.; see Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995). There is no suggestion that the Mayor, the Safety Service Director, or the Police Chief directly encouraged or condoned the actions that gave rise to this complaint.

In addition, Assistant Prosecuting Attorney Kevin H. Taylor is immune from damages. Prosecutors are entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Pusey v. Youngstown, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. Skinner v. Govorchin, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. Id. These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. Imbler, 424 U.S. at 424-25; Skinner, No. 05-2458, 2006 WL 2661092, at *6-7. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate." Spurlock v. Thompson, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a prosecution and

4

presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." Id. at 431; Higgason v. Stephens, 288 F.3d 868, 877 (6th Cir.2002). In this instance, the challenged actions of Van Wert County Prosecutor Kevin Taylor were all intimately associated with charges brought in an indictment. Mr. Taylor is entitled to absolute immunity.

Similarly, court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. Foster v. Walsh, 864 F.2d 416, 417 (6th Cir. 1988). Whether an act is judicial in character does not depend on whether it is discretionary. Id. Rather, immunity applies to all acts of auxiliary court personnel that are "basic and integral parts of the judicial function," unless those acts are done in the clear absence of all subject matter jurisdiction of the court. Mullis v. U.S. Bankruptcy Court, Dist of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987). Acts committed in error or in excess of jurisdiction will not abrogate immunity, even if it results in "grave procedural errors." Id. The acts of the court clerks about which plaintiff complains -processing and issuing signed indictments- are all integral parts of the judicial process and within the subject matter jurisdiction of their courts. Sindram v. Suda, 986 F.2d 1459, 1461 (D.C. Cir. 1993)(citing the Sixth Circuit's decision in Foster).[2] Deb

---

[2] See Fish v. Murphy, No. 01-3601, 2001WL 1355611(6th Cir. Oct. 26, 2001)(finding the clerk of court was entitled to absolute immunity even though he stamped the wrong date on the document which resulted in the dismissal of an appeal); Harris v. Suter, No. 00-3309, 2001 WL 111586 (6th Cir. Feb. 1, 2001)(holding clerk was entitled to absolute immunity for actions associated with filing or failing to file a document); Burton v. Mortimer, No. 99-1956, 2000 WL 876517 (6th Cir. June 22, 2000)(finding the denial of free copies of the file and a delay in forwarding the record to the state court of appeals which results in an erroneous dismissal for lack of jurisdiction and are both quasi-judicial functions which entitle the clerk to absolute immunity); see also Foster, 864 F.2d at 417 (the act of issuing an order of a judge is a quasi-judicial function entitled to immunity).

Lichtensteiger and Cheryl Gehres are therefore entitled to absolute immunity.

Finally, the Court notes that the claims asserted under 42 U.S.C. § 1983 are time barred. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995). The charges against the plaintiff were dismissed on June 13, 2007. This action was filed on June 23, 18, 2009, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two year statute of limitations for bringing such an action had expired).

## Conclusion

Accordingly, Plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

    /s/ David A. Katz
DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a) provides, in pertinent part:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.